**LORI HARPER SUEK**
**JOSEPH E. THAGGARD**
**JOHN D. SULLIVAN**
Assistant United States Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6058
Email: Lori.Suek@usdoj.gov
Joseph.Thaggard@usdoj.gov
John.Sullivan2@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESUS YEIZON DENIZ MENDOZA, <br><br> Defendant. | CR 15-93-BLG-SPW <br><br> MOTION FOR RELEASE OF RECORDS |

1

INTRODUCTION

On August 27, 2015, the Court issued an order designating this case as complex. That order found that it was appropriate for the United States to have time in addition to that provided by the Speedy Trial Act for the United States to consider whether to seek the death penalty. In order to comply with the spirit of that order and allow the United States to make an informed decision about the appropriate penalty to seek in this case, the United States of America moves the Court under 28 U.S.C. § 1651, the All Writs Act, and 42 U.S.C. § 290dd-2(b)(2)(C), for an order requiring the following entities to disclose any records pertaining to Mr. Deniz Mendoza in their possession:

Highlands Behavioral Health Center in Denver Colorado,

Cowboy Youth Challenge in Guernsey, Wyoming,

Wyoming Boys School in Worland, Wyoming,

Cloud Peak Counseling Center in Worland, Wyoming, and

Washakie County School District, No. 1, in Worland, Wyoming.

ARGUMENT

The All Writs Act provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

2

28 U.S.C. § 1651(a).  The United States Supreme Court has "repeatedly recognized" that federal courts have power under the All Writs Act to enter orders that are "necessary or appropriate" to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977).  It is a statute that provides procedural instruments, legislatively approved, to achieve "the rational ends of law."  *Harris v. Nelson*, 394 U.S. 286, 299 (1969) (quoting *Price v. Johnston*, 334 U.S. 266, 282 (1948)).  Indeed, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *Adams v. United States ex rel. McCann*, 317 U.S. 269, 273 (1942).

The Supreme Court has repeatedly and consistently recognized the flexibility of the Act and applied it according.  For example, in order to avoid frustrating the "very purpose" of 28 U.S.C. § 2255, § 1651 furnished a district court with authority to order that a federal prisoner be produced in court for purposes of a hearing.  *United States v. Hayman*, 342 U.S. 205, 220–222 (1952).  And the question, in *Harris*, was whether, despite the absence of specific statutory authority, the district court could issue a discovery order in connection with a habeas corpus proceeding pending before it.  *Harris*, 394 U.S. at 299.  Eight Justices agreed that the district

3

courts have power to require discovery when essential to render a habeas corpus proceeding effective. *Id.* at 299-300. The Court has also held that despite the absence of express statutory authority to do so, the Federal Trade Commission may petition for, and a Court of Appeals may issue, pursuant to § 1651, an order preventing a merger pending hearings before the Commission to avoid impairing or frustrating the Court of Appeals' appellate jurisdiction. *FTC v. Dean Foods Co.*, 384 U.S. 597, 603-606 (1966). Finally, power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice. *See Mississippi Valley Barge Line Co. v. United States*, 273 F. Supp. 1, 6 (E.D.Mo.1967), *summarily aff'd*, 389 U.S. 579 (1968). It encompasses even those who have not taken any affirmative action to hinder justice. U*nited States v. Field*, 193 F.2d 92, 95–96 (2nd Cir. 1951).

In this case, the United States seeks the records in order to aid in its decision about whether to seek the death penalty. The records will allow the United States to more fully comply with the Court's August 27, 2015 order granting it additional time to complete that task. The United States has attempted to obtain the records directly from the agencies listed to no avail. Additionally, the United States has asked Mr. Deniz Mendoza to stipulate to a joint order requiring disclosure of the records. Mr. Deniz Mendoza, through counsel, is considering the request of the

United States but has not taken a position thus far. Consequently, the United States seeks this order from the Court because it has been unable to obtain the records any other way.

In the alternative, the United States moves, under 42 U.S.C. § 290dd-2(b)(2)(C), for an order requiring the disclosure of records possessed by any of the above entities of "any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research." 42 U.S.C. § 290dd-2(a). It is also a requirement that the program or activity be "conducted, regulated, or directly or indirectly assisted by any department or agency of the United States." *Id.* For entities and programs that meet those requirements, the Court can order disclosure upon a showing of good cause. 42 U.S.C. § 290dd-2(b)(2)(C). Good cause is determined by weighing "the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services."

In this case, the treatment records sought are not records of currently ongoing treatment, but records of past treatment. There is no potential that disclosure of the records will compromise ongoing treatment or an ongoing physician/patient relationship. The potential role that use and/or abuse of substances played in the offenses is of paramount importance to a determination about the appropriate punishment to seek in this case. It is imperative that the United States obtain any

substance abuse treatment records to more accurately and appropriately make that determination.

Counsel for defendant, Steven Babcock, has been contacted and advises that the defense is considering the motion and cannot take a position at this time.

DATED this 19th day of October, 2015.

                                  MICHAEL W. COTTER
                                  United States Attorney

                                  *s/ Lori Harper Suek*
                                  LORI HARPER SUEK
                                  Assistant U.S. Attorney