DAVID A. MERCHANT II
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
2702 Montana Avenue, Suite 101
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESUS YEIZON DENIZ MENDOZA,<br><br>Defendant. | **Case No. CR-15-93-BLG-SPW**<br><br>**Jesus Mendoza's Sentencing Memorandum** |

**NOW COMES** Defendant JESUS YEIZON DENIZ MENDOZA, by and through his counsel of record, the FEDERAL DEFENDERS OF MONTANA and DAVID A. MERCHANT II, Assistant Federal Defender, and files this Sentencing Memorandum for the Court's consideration in Jesus's sentencing, currently scheduled for August 10, 2017.

Háchka. A'ene'xóve. Para Siempre. In Crow, Cheyenne and Spanish those words mean the same thing. Forever.

And for the terrible acts that Jesus Mendoza did, that is what the government argues is a 'reasonable' sentence. Forever.

Undersigned counsel disagrees.

**18 U.S.C. § 3553(a)**

As this Court is well aware § 3553(a) mandates that the Court ***"impose a sentence that is sufficient, but not greater than necessary"*** and to "consider the nature and circumstances of the offense and the history and characteristics of the defendant." at § 3353(a)(1)(emphasis added). The sentence imposed by this Court is to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense. § 3553(2)(A). Additionally, the sentence imposed must afford adequate deterrence to criminal conduct. § 3553(2)(B). The Court must consider whether the sentence will protect the public from future crimes. § 3553 (2)(C). Finally, the sentence must provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. § 3553(2)(D).

This so-called "parsimony provision" is not simply a factor to be considered in determining a sentence; it represents a cap above which the Court is statutorily prohibited from sentencing – even when a greater sentence is recommended by the

Sentencing Guidelines, which, per § 3553(a), are statutorily subordinate to the parsimony principle.  *See* United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

In this case, Jesus Mendoza has plead guilty to multiple counts, three of which require this Court to sentence him to a mandatory sixty years in prison before it consider's what sentence is appropriate for his murder and assault convictions.  Sixty years.  Ultimately, undersigned counsel is going to request that this Court sentence Jesus to those sixty years for the three gun counts, consecutive to one day each for the assaults on Tana, Jason and Jorah Shane along with Jonathan Pretty On Top and Fred Plain Bull.

That is a sentence that takes into account all of the factors and values imbedded in § 3553(a).  It honors the memory of the victims.  It protects society and sends a clear message that if you commit murder, you will be punished harshly.  And it gives Jesus an opportunity, at the end of his life, to be outside a prison wall.  It offers the hope of rehabilitation.  It is a sentence that takes into account the enormous amount of time that the gun convictions mandate in relation to the concept of 'no greater than necessary'.  It is a fair and just sentence.

Everyone agrees that Jesus suffers from significant mental health issues which were exacerbated by his youth and rampant substance abuse.  The government went so far as to ask the Court for a mental health evaluation.  But those issues do not

excuse what he did. Jesus knows he needs to be punished for the damage he has caused, but that punishment should not be life in prison. It should not be forever. As Bertrand Russell said, "The reformative effect of punishment is a belief that dies hard. Chiefly, I think because it (punishment) is so satisfying to our sadistic impulses." *Ideas that have Harmed Mankind*, from Unpopular Essays by Bertrand Russell, 1946.

Recently the Supreme Court addressed a similar sentencing conundrum. Lavon Dean was 23 years old when he and his brother were charged and convicted of various counts relating to two Hobbs Act robberies of drug dealers, where they possessed firearms in furtherance of those robberies. At sentencing, Dean requested a sentence of 60 months and 300 months consecutive for the gun convictions and 1 day consecutive for the robberies. The robbery guideline range was 84 to 105 months. The district court sentenced Dean to 400 months believing that it could not sentence Dean as defense counsel requested. 360 months for the 2 gun counts and a variance to 40 months for the robberies.

Dean argued that the Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011) which held that 18 U.S.C. § 3661 places "no limitation" on a court's power to consider information about a defendant's "background, character, and conduct" when seeking to fashion an appropriate sentence. Without that consideration, the district court was essentially barred from considering an entire

category of information about that defendant and it would expressly contravene § 3661.  The Supreme Court unanimously agreed.

*Dean* holds that a district court is free to consider a mandatory minimum and a mandatory consecutive sentence in determining the sentence for the underlying predicate offense. "Nothing in § 924(c) restrict the authority conferred on sentencing courts by § 35539a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."  In other words, "nothing... prevents a district court from imposing a 30 year mandatory minimum sentence under 924(c) and a one day sentence for the predicate violent... crime, provided those terms run one after the other."

Chief Justice Roberts wrote "Dean committed the two robberies... when he was 23 years old.  That he will not be released from prison until well after his fiftieth birthday because of the 924(c) convictions surely bears on whether in connection with his predicate crimes, still more incarceration is necessary to protect the public. Likewise, in considering 'the need for the sentence imposed... to afford adequate deterrence' the district court could not reasonably ignore the deterrent effect of Dean's 30 year mandatory minimum" sentence. *Dean v. United States*, 581 U.S. ____, 137 S. Ct. 368 (April 3, 2017).  Jesus was 18 years old when he committed these crimes and would be more than 70 years old if released after a sixty year sentence.

This Court must look at whether the government's recommended life sentence achieves the goals of § 3553(a). For instance, is a sentence of life too harsh of punishment? Does it really promote respect for the law? Does it avoid a sentencing disparities among other defendants in similar situations? These points are debatable.

Whether it will help Jesus achieve rehabilitation is not. It will not. Rehabilitation is also a goal of sentencing. § 3553 (a)(2)(D). That goal cannot be served if a defendant can look forward to nothing but imprisonment. Simon v United States, 361 F. Supp.2d 35, 48 (E.E. N.Y. 2005), *citing unreported case of* United States v. Carvahal, 2005 WL 576125 (S.D.N.Y.). "Rehabilitation is also a goal of punishment. That goal cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment." United States v. Carvajal, WL 476125 (S.D.N.Y. Feb, 222, 2005) Carvahal.

A life sentence provides no hope.

A life sentence gives up on Jesus Mendoza. A life sentence's sole overarching objective is to punish him. Although that sentence certainly achieves punishment, such an attitude supersedes the goal of just punishment. "There is a point beyond

which even justice becomes unjust." (Sophocles, Electra, c.409 B.C.). This Court should be hesitant before sentencing so severely that it destroys all hope and takes away all possibility of useful life. Carvahal, *supra.*

Finally, this Court must give some consideration to Jesus for his guilty plea. He took responsibility for his crimes. He stood in front of this Court. In front of his parents, the family of the victims and a victim herself and said he did these terrible things. His willingness to do so saved the Shane family from having to relive the tragedy of July 29, 2015. It saved Johah Shane from having to take the witness stand and pointing across a crowded courtroom to identify her parents murderer and the person who shot her. It saved the government countless hours and tens of thousands of dollars to try this case. It saved the Court time and resources as well. There must be some benefit bestowed on Jesus for this and undersigned urges the Court to give Jesus hope for his price.

**Recommendations**

With the utmost respect to the victims, the government and this Court, undersigned counsel requests that the Court sentence Mr. Jesus Mendoza to sixty years and four days custody, based on ten years for Count II, twenty-five years each for Counts IV and VI, consecutive to each other and one day each for Counts I, III, V, IIV.

Jesus asks the Court to recommend the following BOP programs; BRAVE and CHALLENGE. The BRAVE program is for male inmates, 32 years of age or younger, who have been sentenced to more than 60 months incarceration and are new to the federal system. The program is designed to encourage new inmates to develop a favorable adjustment to institutional life, take advantage of vocational, educational and rehabilitative programing that reduces incidents of misconduct as well as ultimately benefitting inmates in their incarceration. The CHALLENGE program is for male inmates housed in penitentiary settings. This program addresses inmate's needs concerning substance abuse and mental illness issues.

Jesus also requests that this Court recommend placement at FCI Victorville. This facility is in Southern California and is close to his biological family who along with his adoptive family intend to continue supporting Jesus with visits. Victorville also has the BRAVE program, UNICOR and other vocational training that would benefit Jesus.

**Conclusion**

What is the difference between a sixty year sentence and a life sentence for a 20 year old? To Jesus, everything. This Court must keep in mind that where "two sufficient and reasonable sentences are potentially applicable, (§ 3553(a)) directs the court to choose the lesser one." *United States v. Carey*, 386 F. Supp 2d 891, 894 n.4 (E.D. Wis. 2005).

Jesus Mendoza asks this Court for a chance to end his life outside the walls of a prison.  He asks this Court for something he did not give the Shane family.  He asks this Court for piedad (Crow), bilaxpáak (Cheyenne) or as we say in English, mercy.

RESPECTFULLY SUBMITTED this 26th day of July, 2017.

                                          /s/ David A. Merchant II
                                          DAVID A. MERCHANT II
                                          Federal Defenders of Montana
                                                Counsel for Defendant

**CERTIFICATE OF SERVICE**
**L.R. 5.2(b)**

I hereby certify that on July 26, 2017, a copy of the foregoing document was served on the following persons by the following means:

1, 2 CM-ECF
_____ Hand Delivery
3 Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. LORI HARPER SUEK
Assistant United States Attorney
United States Attorney's Office
2601 2nd Avenue North, Suite 3200
Billings, MT 59101
Counsel for the United States.

3. JESUS YEIZON DENIZ MENDOZA
Defendant

/s/ David A. Merchant II
DAVID A. MERCHANT II
Federal Defenders of Montana
Counsel for Defendant